IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SCANROCK OIL & GAS, INC., *et al.*, | § | Case No. 25-90001-mxm11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**General**

  The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the chapter 11 cases (the "Chapter 11 Cases") pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") were prepared, pursuant to section 521 of the United States Code, Title 11 §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited. Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. The Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to the Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Scanrock Oil & Gas, Inc. (0380); EON Production, LLC (0136); O'Ryan Family Limited Partnership (1913); O'Ryan Production & Exploration Ltd. (9950); O'Ryan Ponderosa, LLC (1476); Ryan C. Hoerauf, Inc. (0493); and Smackover Oil Treaters, Ltd. (9529) (collectively, the "Oil and Gas Debtors"); and O'Ryan Ranches, Ltd. (7184). The location of the Debtors' service address is 8180 Lakeview Center, Ste. 300, Odessa, TX 79765.  More information about the Debtors, and copies of pleadings in the above-captioned bankruptcy case, may be obtained on the website of the Debtors' proposed noticing agent, Stretto, Inc., at: https://cases.stretto.com/scanrock.

The Schedules and Statements have been signed by Bradford C. Walker, Chief Restructuring Officer. In reviewing and signing the Schedules and Statements, Mr. Walker necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Walker has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

**Description of the Cases**

On February 3, 2025 (the "Petition Date"), Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd. each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Subsequently, on February 9, 2025, six affiliated Debtors (collectively, with Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd., the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' cases are jointly administered under Case No. 25-90001 in the Bankruptcy Court before the Honorable Judge Mark X. Mullin. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of close of business on February 3, 2025, or February 9, 2025, as applicable, and the liability data of the Debtors as of close of business on February 3, 2025, or February 9, 2025, as applicable.

**Basis of Presentation**

The Debtors review their books and records and adjust such books and records based on their annual tax reporting as well as basic accounting principles. These Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records, documents received from creditors, and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows

---

[2]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

<u>**General Disclosures Applicable to Schedules and Statements**</u>

1.      **Causes of Action.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action and neither these Global Notes nor the Schedules and Statements shall (i) be deemed a waiver of any such claims or causes of actions or (ii) in any way prejudice or impair the assertion of any such claims or causes of action.

2.      **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, to the extent any items reported in the Schedules and Statements have been improperly characterized, classified, categorized, or designated, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate such items at a later time as necessary or appropriate as additional or more accurate information becomes available.

3.      **Claim Designations.**  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.      **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.      **Court Orders.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases (collectively, and as amended or modified, the "<u>Prepetition Payment Orders</u>"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, certain trade vendors, and taxing authorities. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

3

6.     **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

7.     **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains, if any. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

8.     **Confidential or Sensitive Information.**  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Any such redactions will be limited to only what is necessary to protect the Debtors or applicable third parties.

9.     **Leases.**  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

10.     **Receivables.**  The Debtors have not listed individual counterparty accounts receivable balance information as the Company considers its list of counterparties to be proprietary and confidential.

11.     **Guarantees and Other Secondary Liability Claims.**  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

12.     **Intellectual Property Rights.**  The Debtors have made every effort to include owned intellectual property in their Schedules. However, exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned

or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

13.     **Mechanics' Liens.**   The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

14.     **Estimates.**   To prepare and file the Schedules, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

15.     **Currency.**   Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16.     **Property and Equipment.**   Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

17.     **Claims of Third-Party Related Entities.**   While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

18.     **Umbrella or Master Agreements.**   Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

19.     **Setoffs and Recoupment.**   The Debtors incur setoffs and net payments in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, warranties, and other disputes between the Debtors and their customers or vendors. Therefore, the economic impact of claims related to setoff and recoupment are excluded from the Debtors' responses to Question 6 of the Statement of Financial Affairs.

20.     **Insiders.**   The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the voting or equity securities of a Debtor, (2) directors of any of the Debtors, (3) the Debtors' insider employees, or (4) a person married to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

21.     **Indemnification.**   The Debtors' various charters, bylaws, operating agreements, partnership agreements, and other corporate and governance documents provide indemnification rights to certain eligible officers, directors and employees on the particular terms set forth in the applicable corporate and governance documents. The Debtors have not reached a determination with respect to whether certain potentially indemnified persons are ineligible for indemnification under the terms of the applicable corporate and governance documents and certain such persons are therefore listed on the applicable Debtors' Schedule E/F. To the extent that the Debtors have entered into separate contracts with certain executives and former executives, agreeing to indemnify them in certain circumstances according to the particular terms and conditions set forth in those contracts, such contracts are listed on Schedule G. The Debtors have not reached a determination as to whether the persons who are parties to these contracts are eligible for indemnification. Consequently, the Debtors have separately listed on Schedule G all contracts with such persons, but Debtors reserve all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the provisions do not constitute executory contracts.

22.     **Payments.**   The financial affairs and business of the Debtors are complex. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments will have been made on behalf of another legal entity.

23.     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

## Specific Notes Applicable to Schedules and Statements

**Specific Notes Regarding Schedule A/B**

The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

Certain instruments reflected on Schedule A/B may contain renewal options, guarantees or payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors reserve the right to assert that any instrument listed on Schedule A/B is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim. The Debtors failure to list any rights in real property on Schedule A/B shall not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims. the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed to be an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the

Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

**Specific Notes Regarding Schedule E/F**

1.    **Creditors Holding Priority Unsecured Claims.**  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

All claims listed on the Debtors' Schedule E/F, Part 1 are claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F, Part 1. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

2.    **Creditors Holding Nonpriority Unsecured Claims.**  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2 does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F, Part 2 arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2 contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to

the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F, Part 2. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor

3.      **Schedule – Intercompany.**  The Debtors maintain business relationships between and among themselves resulting in intercompany receivables and payables and other claims in the ordinary course of business.  The respective intercompany accounts payable and accounts receivable are listed at undetermined amounts due to/due from, as applicable, on Schedule E/F, Part 2 for each Debtor. Notably, reconciliation of the Debtors' books and records is still ongoing and any intercompany accounts payable and accounts receivable figures listed herein may require amendment as the reconciliation process progresses and concludes.

4.      **Schedule – Trade Payables.**  Trade Payables listed on Schedule E/F, Part 2 contain the liability information available to the Debtors as of the date of filing, including invoices for prepetition claims that may have been paid after the Petition Date pursuant to an order of the Bankruptcy Court.  In these instances, the Debtors have scheduled the unpaid Trade Payables pursuant to their books and records, and have scheduled the paid Trade Payables as contingent and unliquidated claims.

**Specific Notes Regarding Schedule G**

The Debtors continue to review their mineral leases, operating agreements, master service agreements, and other contracts and leases for purposes of Schedule G, and reserve all of their rights in connection with the forthcoming Schedule G.

**Specific Notes Regarding Schedule H**

**Co-Debtors.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert

cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Fill in this information to identify the case:**

Debtor name    **Ryan C. Hoerauf, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90006**

☐ Check if this is an
amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■ *Schedule H: Codebtors* (Official Form 206H)

■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/10/2025              x  /s/ Bradford C. Walker
                                        Signature of individual signing on behalf of debtor

                                        **Bradford C. Walker**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  **Ryan C. Hoerauf, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **25-90006**

☐ Check if this is an
   amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                        12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.  *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
      Copy line 88 from *Schedule A/B*.................................................................................. $                **0.00**

   1b. **Total personal property:**
      Copy line 91A from *Schedule A/B*............................................................................. $        **5,605,974.58**

   1c. **Total of all property:**
      Copy line 92 from *Schedule A/B*.............................................................................. $        **5,605,974.58**

| Part 2: | Summary of Liabilities |
| --- | --- |

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $       **52,220,130.25**

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
      Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................... $          **16,358.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................ +$       **25,437,165.41**

4.  Total liabilities .........................................................................................................
   Lines 2 + 3a + 3b                                                                                        $       **77,673,653.66**

**Fill in this information to identify the case:**

Debtor name    **Ryan C. Hoerauf, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90006**

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Prosperity Bank** | **Checking** | **6365** | **$421,376.00** |
| 3.2. | **Prosperity Bank** | **Checking** | **2140** | **$50.00** |

4. **Other cash equivalents** *(Identify all)*

| | | | |
|---|---|---|---|
| 4.1. | **Commodities** | | **$21,668.00** |

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**$443,094.00**

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

| Debtor | **Ryan C. Hoerauf, Inc.** | Case number *(If known)* | **25-90006** |
|---|---|---|---|
| | Name | | |

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

**11.**    **Accounts receivable**

| 11a. 90 days old or less: | **930,774.00** | - | **0.00** | = .... | **$930,774.00** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11a. 90 days old or less: | **3,108.09** | - | **0.00** | = .... | **$3,108.09** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

**12.**    **Total of Part 3.**                                                                                                    **$933,882.09**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:**    **Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:**    **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**    **Office furniture** | | | |
| **40.**    **Office fixtures** | | | |
| **41.**    **Office equipment, including all computer equipment and communication systems equipment and software** **Computer Equipment (see Exhibit Schedule A/B - 41 and 47)** | **$35,284.94** | | **$35,284.94** |
| **Computer Software (see Exhibit Schedule A/B - 41 and 47)** | **$107,217.93** | | **$107,217.93** |
| **Office Furniture & Fixtures (see Exhibit** | **$5,347.07** | | **$5,347.07** |

| Debtor | **Ryan C. Hoerauf, Inc.** | Case number *(If known)* **25-90006** |
|---|---|---|
| | Name | |

**Schedule A/B - 41 and 47)**

---

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**                                                                                          | $147,849.94 |
    Add lines 39 through 42.  Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ■ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

**Part 8:**    **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☐ No.  Go to Part 9.
    ■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. **Transportation Equipment (see Exhibit Schedule A/B - 41 and 47)** | $206,422.51 | | $206,422.51 |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**                                                                                          | $206,422.51 |
    Add lines 47 through 50.  Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ■ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

**Part 9:**    **Real property**

54. **Does the debtor own or lease any real property?**

    ☐ No.  Go to Part 10.
    ■ Yes Fill in the information below.

| Debtor | **Ryan C. Hoerauf, Inc.** | Case number *(If known)* **25-90006** |
|---|---|---|
| | Name | |

**55.** **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **20 Acres of Land in Henderson County, Texas** | | **$0.00** | **N/A** | **Unknown** |

**56.** **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

|  |
|---|
| **$0.00** |

**57.** **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No
☐ Yes

**58.** **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes Fill in the information below.

Current value of debtor's interest

**71.** **Notes receivable**
Description (include name of obligor)

**72.** **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

**73.** **Interests in insurance policies or annuities**

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76.** **Trusts, equitable or future interests in property**

**77.** **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

Debtor **Ryan C. Hoerauf, Inc.**
Name

Case number *(If known)* **25-90006**

| | |
|---|---|
| **Prospect Costs** | **$174,952.37** |
| **Intercompany Receivable - O'Ryan / Ryan** | **$2,401,983.93** |
| **Intercompany Receivable - Amber Hoerauf Trust** | **$1,456.32** |
| **Intercompany Receivable - Ryan Properties** | **$1,700.00** |
| **Intercompany Receivable - O'Ryan Heavy Hauling** | **$552,580.30** |
| **Intercompany Receivable - Ryan Drilling, LLC dba O'Ryan Drilling** | **$255,726.86** |
| **Intercompany Receivable - EON Production, LLC** | **$391,954.58** |
| **Intercompany Receivable - Dub's Tree & Landscaping LLC** | **$94,371.68** |

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$3,874,726.04**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

Debtor  **Ryan C. Hoerauf, Inc.**                              Case number *(If known)*  **25-90006**
        Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $443,094.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $933,882.09 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $147,849.94 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $206,422.51 | |
| 88. **Real property.** *Copy line 56, Part 9.* .......................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $3,874,726.04 | |
| 91. **Total.** Add lines 80 through 90 for each column | $5,605,974.58 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $5,605,974.58 |

Ryan C. Hostaut, Inc.
Case # 25-90006

Exhibit Schedule A/B - 41 and 47

| System No. | Description | Date In Service | Cost / Other Basis | Total Depreciation |
|---|---|---|---|---|
| **Amortized Assets** | | | | |
| **COMPUTER SOFTWARE** | | | | |
| 40 | AVATOR PETROWARE SOFTWARE | 9/3/2003 | 42,201.26 | 42,201.26 |
| 66 | LOGGING SCANNER SOFTWARE | 9/30/2005 | 6,603.25 | 6,603.25 |
| 69 | NEUROLOG SOFTWARE | 2/28/2006 | 6,100.00 | 6,100.00 |
| 106 | ISYNERGY SCANNING SOFTWARE | 4/28/2010 | 27,200.00 | 27,200.00 |
| 131 | SOFTWARE | 9/30/2012 | 14,518.32 | 14,518.32 |
| 200 | QUICKBOOKS 2019 | 3/31/2019 | 4,241.16 | 4,241.16 |
| **Subtotal: COMPUTER SOFTWARE** | | | **100,863.99** | **100,863.99** |
| **Less dispositions and exchanges:** | | | 0.00 | 0.00 |
| **Net for: COMPUTER SOFTWARE** | | | **100,863.99** | **100,863.99** |
| | | | | |
| **Depreciated Assets** | | | | |
| **COMPUTER EQUIPMENT** | | | | |
| 15 | COMPUTER EQUIPMENT | 12/31/1999 | 1,084.38 | 1,084.38 |
| 16 | COMPUTER | 1/31/2000 | 1,028.00 | 1,028.00 |
| 17 | 2 HP COMPUTERS, MONITORS | 2/29/2000 | 4,324.49 | 4,324.49 |
| 18 | COMPUTER EQUIPMENT | 2/29/2000 | 2,940.73 | 2,940.73 |
| 25 | COMPUTER-L. BENJAMIN | 10/31/2000 | 2,975.79 | 2,975.79 |
| 26 | COMPAQ COMPUTER -JODY | 9/30/2001 | 1,306.05 | 1,306.05 |
| 27 | MEMORY KIT - JODY | 9/30/2001 | 40.59 | 40.59 |
| 32 | LINDA'S COMPUTER | 4/30/2002 | 1,875.98 | 1,875.98 |
| 38 | COMPUTER | 2/28/2003 | 1,080.85 | 1,080.85 |
| 39 | RYAN'S COMPUTER & MONITOR | 4/30/2003 | 8,674.28 | 8,674.28 |
| 47 | BACKUP COMPUTER - PETROWARE | 10/31/2003 | 4,902.64 | 4,902.64 |
| 48 | COMPUTER - JASON | 9/30/2004 | 5,178.52 | 5,178.52 |
| 64 | HP ITM DESIGNJET 800 PRINTER | 9/30/2005 | 5,980.82 | 5,980.82 |
| 65 | DELL LATITUDE D505 LAP TOP | 2/17/2005 | 2,526.61 | 2,526.61 |
| 67 | DELL 5150 DIMENSION PC W/3 MONITORS | 2/8/2006 | 4,242.32 | 4,242.32 |
| 68 | DELL LAPTOP, 17" MONITOR, PORT STATION | 9/23/2006 | 3,061.48 | 3,061.48 |
| 75 | LAPTOP   (BOBBY ALLISON) | 10/1/2006 | 1,684.37 | 1,684.37 |
| 76 | COMPUTER   (BECKY KNOLL) | 12/19/2006 | 1,437.02 | 1,437.02 |
| 77 | COMPUTER   (JODY ELAM) | 6/5/2007 | 920.11 | 920.11 |
| 78 | COMPUTER   (RYAN) | 7/30/2007 | 2,060.23 | 2,060.23 |
| 85 | COMPUTERS (7) DESKTOPS & (11) LAPTOPS | 9/11/2008 | 26,990.84 | 0.00 |
| 94 | MINI LAPTOP - RYAN | 10/12/2008 | 1,303.47 | 1,303.47 |
| 95 | COMPUTER - SHELLY | 11/11/2008 | 741.47 | 741.47 |
| 96 | LAPTOP/FLASHDRIVE - PETER ROSENTHAL | 8/13/2009 | 1,542.34 | 1,542.34 |
| 104 | LAPTOP - JOE DITTO | 2/17/2010 | 648.08 | 648.08 |
| 105 | SERVER FOR ISYNERGY | 7/27/2010 | 9,784.82 | 9,784.82 |
| 115 | COMPUTER | 3/30/2011 | 730.95 | 730.95 |
| 116 | LAPTOPS - SANTOS & BRUCE K | 5/18/2011 | 1,896.09 | 1,896.09 |
| 117 | COMPUTER - SHELLY | 6/17/2011 | 591.41 | 591.41 |
| 118 | COMPUTER - ANDREW | 9/1/2011 | 887.54 | 887.54 |
| 126 | COMPUTER - HOLLIE | 11/29/2011 | 681.61 | 681.61 |
| 127 | COMPUTER - BOBBY ALLISON | 9/18/2012 | 764.48 | 764.48 |
| 128 | COMPUTER - JASON BAILEY | 9/18/2012 | 1,583.41 | 1,583.41 |
| 129 | DESKTOP - JON & LAPTOP - MAT | 4/19/2012 | 5,278.78 | 5,278.78 |
| 130 | COMPUTER - TY | 5/8/2012 | 1,894.64 | 1,894.64 |
| 137 | COMPUTER (RYAN) | 4/17/2013 | 2,269.48 | 2,269.48 |

| System No. | Description | Date In Service | Cost / Other Basis | Total Depreciation |
|---|---|---|---|---|
| 138 | COMPUTER EQUIPMENT | 11/13/2012 | 594.56 | 594.56 |
| 139 | COMPUTER EQUIPMENT | 6/19/2013 | 1,733.37 | 1,733.37 |
| 140 | COMPUTER EQUIPMENT | 8/14/2013 | 832.43 | 832.43 |
| 141 | COMPUTER EQUIPMENT | 8/14/2013 | 807.23 | 807.23 |
| 148 | COMPUTER EQUIPMENT | 10/14/2013 | 1,059.59 | 1,059.59 |
| 149 | COMPUTER EQUIPMENT | 2/17/2014 | 1,366.58 | 1,366.58 |
| 150 | COMPUTER EQUIPMENT | 2/19/2014 | 1,162.72 | 1,162.72 |
| 151 | COMPUTER EQUIPMENT | 3/11/2014 | 1,399.96 | 1,399.96 |
| 152 | COMPUTER EQUIPMENT | 4/1/2014 | 454.64 | 454.64 |
| 153 | COMPUTER EQUIPMENT | 5/19/2014 | 5,196.41 | 5,196.41 |
| 154 | COMPUTER EQUIPMENT | 8/19/2014 | 1,202.94 | 1,202.94 |
| 155 | COMPUTER EQUIPMENT | 8/19/2014 | 5,528.98 | 5,528.98 |
| 156 | COMPUTER EQUIPMENT | 8/19/2014 | 399.70 | 399.70 |
| 167 | Server | 7/16/2015 | 8,294.10 | 0.00 |
| **Subtotal: COMPUTER EQUIPMENT** | | | **144,947.88** | **109,662.94** |
| Less dispositions and exchanges: | | | 0.00 | 0.00 |
| **Net for: COMPUTER EQUIPMENT** | | | **144,947.88** | **109,662.94** |

| **COMPUTER SOFTWARE** | | | | |
|---|---|---|---|---|
| 28 | COMPUTER SOFTWARE | 11/30/2000 | 2,303.94 | 2,303.94 |
| 33 | PETROLEUM SOFTWARE SYSTEM | 3/31/2002 | 4,050.00 | 4,050.00 |
| **Subtotal: COMPUTER SOFTWARE** | | | **6,353.94** | **6,353.94** |
| Less dispositions and exchanges: | | | 0.00 | 0.00 |
| **Net for: COMPUTER SOFTWARE** | | | **6,353.94** | **6,353.94** |

| **OFFICE EQUIPMENT** | | | | |
|---|---|---|---|---|
| 19 | CAMERA FOR OFFICE & FIELD | 12/31/1999 | 1,176.68 | 1,176.68 |
| 49 | CANON IR-330 DIGITAL COPIER | 3/31/2004 | 4,324.58 | 4,324.58 |
| 70 | HP DESIGNJET 800 PRINTER 42" | 2/28/2006 | 5,572.49 | 5,572.49 |
| 79 | FILE CABINETS | 2/1/2007 | 1,283.85 | 1,283.85 |
| 86 | (2) HON 5-DRAWER VERTICAL LEGAL FILE CABINETS | 10/8/2007 | 948.27 | 0.00 |
| 87 | WALNUT SECRETARIAL DESK | 5/15/2008 | 703.63 | 0.00 |
| 88 | (4) 5-DRAWER LEGAL FILE CABINETS | 8/12/2008 | 2,606.66 | 0.00 |
| 89 | SAFECO MOBILE HANGING RACK & CLAMPS | 8/22/2008 | 1,088.51 | 0.00 |
| 107 | CANON IR-C34801 COPIER | 10/19/2009 | 11,880.00 | 11,880.00 |
| 119 | CANON DR 4010C SCANNER | 4/19/2011 | 3,234.60 | 3,234.60 |
| 157 | ROOM DIVIDER PANELS | 8/29/2014 | 3,017.74 | 3,017.74 |
| 198 | CANON IR-C55351 COLOR COPIER | 5/13/2019 | 15,116.07 | 15,116.07 |
| **Subtotal: OFFICE EQUIPMENT** | | | **50,953.08** | **45,606.01** |
| Less dispositions and exchanges: | | | 0.00 | 0.00 |
| **Net for: OFFICE EQUIPMENT** | | | **50,953.08** | **45,606.01** |

| **OFFICE FURNITURE** | | | | |
|---|---|---|---|---|
| 108 | CONF TABLE/CHAIRS/BOOKCASE - PETER | 11/17/2009 | 4,494.67 | 4,494.67 |
| 114 | DESK - PETER | 9/28/2010 | 974.25 | 974.25 |
| 158 | DESK, CREDENZA, 2 CHAIRS | 7/25/2014 | 3,160.47 | 3,160.47 |
| 159 | 2 DRAWER LATERAL FILE | 8/8/2014 | 1,057.17 | 1,057.17 |
| **Subtotal: OFFICE FURNITURE** | | | **9,686.56** | **9,686.56** |
| Less dispositions and exchanges: | | | 0.00 | 0.00 |
| **Net for: OFFICE FURNITURE** | | | **9,686.56** | **9,686.56** |

| **TRANSPORTATION EQPT** | | | | |
|---|---|---|---|---|
| 1 | 1989 NISSAN | 1/1/1997 | 5,150.00 | 5,150.00 |
| 2 | 1995 GMC 2WD | 1/1/1997 | 8,900.67 | 8,900.67 |

| System No. | Description | Date In Service | Cost / Other Basis | Total Depreciation |
|---|---|---|---|---|
| 3 | 1992 CHEV | 3/13/1997 | 10,500.00 | 10,500.00 |
| 4 | 1996 GMC 2WD | 1/1/1997 | 18,096.46 | 18,096.46 |
| 5 | 1997 GMC SIERRA 1/2T | 1/1/1997 | 20,967.78 | 20,967.78 |
| 6 | 1995 CHEV 1/2T | 1/30/1997 | 13,000.00 | 13,000.00 |
| 7 | 1987 FORD 1/2T | 1/1/1997 | 4,600.00 | 4,600.00 |
| 8 | 1997 GMC SIERRA 1/2T | 4/5/1997 | 27,299.14 | 27,299.14 |
| 9 | 1991 CHEV 3/4T | 8/7/1997 | 3,900.00 | 3,900.00 |
| 10 | 1996 GMC | 1/1/1997 | 25,928.00 | 25,928.00 |
| 11 | 1996 GMC SUBURBAN | 1/1/1997 | 42,113.39 | 42,113.39 |
| 12 | 1994 CHEVY PICKUP | 2/28/1999 | 6,454.10 | 6,454.10 |
| 13 | 1993 FORD F150 | 3/31/1999 | 12,593.40 | 12,593.40 |
| 14 | 1999 GMC PICKUP | 4/30/1999 | 21,368.38 | 21,368.38 |
| 20 | 95 CHEVY Z71 P/U | 10/31/1999 | 12,697.84 | 12,697.84 |
| 21 | 94 CHEVY Z71 PICKUP | 10/31/1999 | 7,055.04 | 7,055.04 |
| 22 | 2000 CHEV. SILVERADO P/U | 11/30/1999 | 31,133.16 | 31,133.16 |
| 23 | 12 FT ENCLOSED TRAILER | 5/31/2000 | 5,650.00 | 5,650.00 |
| 24 | 2000 CHEVY SILVERADO P/U | 8/31/2000 | 17,926.88 | 17,926.88 |
| 29 | 2001 CHEVY PU EXTENDED CAB | 3/31/2001 | 23,159.87 | 23,159.87 |
| 31 | 2002 CHEV Z71 1/2 TON | 12/1/2001 | 30,736.70 | 30,736.70 |
| 35 | 2002 CADILLAC ESCALADE | 2/1/2002 | 51,426.29 | 49,235.00 |
| 36 | 2002 LEXUS RX300 | 9/30/2002 | 36,356.67 | 36,356.67 |
| 37 | 2001 ISUZU RODEO | 8/1/2002 | 19,649.00 | 19,649.00 |
| 41 | 2003 SILVERADO 1500 4WD EXT | 2/28/2003 | 25,520.86 | 25,520.86 |
| 44 | 2003 GMC 1/2 TON PICKUP | 7/31/2003 | 23,953.77 | 23,953.77 |
| 45 | 2003 CHEVY 1/2 TON PICKUP | 7/31/2003 | 24,150.49 | 24,150.49 |
| 46 | 2003 CHEVY Z71 PICKUP | 9/30/2003 | 28,364.05 | 28,364.05 |
| 50 | 2003 CHEV PICKUP | 10/30/2003 | 25,228.41 | 25,228.41 |
| 51 | HOLLAND 555E BACKHOE | 10/21/2003 | 18,000.00 | 18,000.00 |
| 52 | 2003 24FT GOOSENECK TRAILER | 10/21/2003 | 4,000.00 | 4,000.00 |
| 53 | 1999 FORD 1-1/2T FLAT BED PICKUP | 11/30/2003 | 13,500.00 | 13,500.00 |
| 54 | 2004 PORSCHE CAYENNE | 2/29/2004 | 71,594.25 | 39,085.00 |
| 56 | 1996 FORD FLAT BED PICKUP | 5/31/2004 | 7,250.00 | 7,250.00 |
| 57 | 2004 CHEV C 1500 P/U | 10/4/2004 | 29,810.17 | 29,810.17 |
| 58 | 2004 CHEV Z71 1500 P/U | 11/1/2004 | 30,182.88 | 30,182.88 |
| 59 | 2005 CADILLAC ESCALADE | 11/1/2004 | 57,202.66 | 53,907.79 |
| 60 | 2005 CHEV SILVERADO | 12/1/2004 | 23,663.18 | 23,663.18 |
| 61 | 1997 FORD F350 | 7/31/2005 | 17,000.00 | 17,000.00 |
| 62 | 1988 VERMEER 7550 TRENCHER W/BACKHOE | 8/31/2005 | 13,343.75 | 13,343.75 |
| 73 | 2006 CHEV Z71 (W. HART) | 9/14/2006 | 30,184.74 | 30,184.74 |
| 74 | 2003 FORD F250 FLATBED 3/4T PU | 11/16/2005 | 27,171.67 | 27,171.67 |
| 80 | 2007 CHEVY Z71 1/2T P/U  (B ALLISON) | 3/15/2007 | 32,124.16 | 32,124.16 |
| 81 | 2008 FORD F250 P/U | 5/30/2007 | 50,953.21 | 50,953.21 |
| 83 | 2004 CHEVY SUBURBAN LL | 8/10/2007 | 24,074.32 | 24,074.32 |
| 90 | 2003 FORD F350 P/U | 1/23/2008 | 16,546.81 | 0.00 |
| 91 | 2008 CHEV SILVERADO  #5804-HART | 3/17/2008 | 32,244.38 | 7,244.38 |
| 92 | 2005 GMC C4500 | 3/28/2008 | 28,540.01 | 3,540.00 |
| 93 | 2008 CHEV SILVERADO CREW CAB 4WD -WHITE | 9/15/2008 | 32,399.44 | 7,399.44 |
| 97 | 2008 CHEV SILV 15 EXT CAB 4WD - RICK ALLEY | 10/20/2008 | 27,141.79 | 27,141.79 |
| 98 | 2009 CHEV PU 2WD CREW - JASON BAILEY #3519 | 12/5/2008 | 31,971.80 | 31,971.80 |
| 99 | 2007 4WD JEEP WRANGLER | 6/30/2009 | 20,927.35 | 20,927.35 |
| 100 | 2009 CHEVY PU SILVERADO 1500 | 8/19/2009 | 28,467.42 | 28,467.42 |
| 103 | 2009 CHEVY PU | 9/22/2009 | 38,799.10 | 38,799.10 |
| 109 | 2009 CHEV SILVERADO 15 #7085 | 10/19/2009 | 37,611.72 | 37,611.72 |
| 110 | 2009 CHEV SILVERADO 15 | 11/19/2009 | 29,563.84 | 29,563.84 |

| System No. | Description | Date In Service | Cost / Other Basis | Total Depreciation |
|---|---|---|---|---|
| 112 | 2010 CHEV PICKUP #3688 | 8/19/2010 | 31,640.17 | 31,640.17 |
| 113 | MOTOR FOR FORKLIFT | 8/25/2010 | 5,604.38 | 5,604.38 |
| 120 | 2011 CHEV - #1393 (MARIO MEDOZA) | 11/23/2010 | 27,186.45 | 27,186.45 |
| 121 | 2004 F150 - #2860 (GENE HAWLEY) | 2/2/2011 | 13,504.74 | 13,504.74 |
| 122 | 2011 GMC CREWCAB - #6780 (B KIDD) | 4/19/2011 | 37,697.38 | 37,697.38 |
| 123 | 1998 CHEV P/U - #3252; TRAILER #5196 (WES) | 6/22/2011 | 15,000.00 | 15,000.00 |
| 124 | 2011 CHEV - #7452 (D ROMERO) | 8/19/2011 | 28,389.90 | 28,389.90 |
| 125 | 2011 CHEV #7826 (W HART) | 8/19/2011 | 36,272.02 | 36,272.02 |
| 132 | 2012 CHEV #5086 | 11/20/2011 | 41,753.27 | 41,753.27 |
| 133 | 2011 CHEV SILV 150 #0540 | 12/21/2011 | 30,909.32 | 30,909.32 |
| 134 | PRECISION PUMP TRUCK | 4/30/2012 | 13,806.25 | 13,806.25 |
| 135 | 2012 CHEV #8611 | 6/21/2012 | 35,361.37 | 35,361.37 |
| 136 | 2012 GMC SIERRA | 9/18/2012 | 36,025.30 | 36,025.30 |
| 142 | 2013 CHEV PU #6816 | 11/14/2012 | 39,739.50 | 39,739.50 |
| 143 | TRUCK # 5825 | 12/17/2012 | 39,739.50 | 39,739.50 |
| 144 | 2012 CHEV TRUCK 7498 | 1/16/2013 | 30,921.68 | 30,921.68 |
| 145 | TRUCK 3204 | 4/17/2013 | 37,489.72 | 37,489.72 |
| 146 | 2013 GMC SIERRA | 6/19/2013 | 42,280.89 | 42,280.89 |
| 147 | 2013 CHEV SILVERADO #3746 | 8/14/2013 | 37,454.71 | 37,454.71 |
| 160 | 2013 CHEV TRUCK 0762 | 11/12/2013 | 34,828.20 | 34,828.20 |
| 161 | 2014 CHEV TRUCK 7499 | 12/10/2013 | 34,033.30 | 34,033.30 |
| 162 | 2014 CHEV PU  3845 | 1/15/2014 | 34,778.27 | 34,778.27 |
| 163 | KUBOTA M5400 USED TRACTOR | 8/15/2014 | 22,516.00 | 22,516.00 |
| 164 | 2014 CHEV SILV 8057 | 8/18/2014 | 41,269.00 | 41,269.00 |
| 165 | 2011 FORD F250 | 9/8/2014 | 27,021.60 | 27,021.60 |
| 169 | 2013 CHEV SIERRA 2500 HD | 5/18/2018 | 22,000.00 | 22,000.00 |
| 170 | 2006 FREIGHTLINER M2 GANG TRK | 6/12/2018 | 11,819.00 | 11,819.00 |
| 171 | 1985 MACK DM685S VAC/PUMP TRK | 6/12/2018 | 6,471.00 | 6,471.00 |
| 172 | 2018 GMC SIERRA 1500 PU | 6/13/2018 | 44,284.52 | 44,284.52 |
| 173 | 1978 INTERNATIONAL TRK | 9/24/2018 | 4,000.00 | 4,000.00 |
| 174 | 1989 FREIGHTLINER TRK | 9/24/2018 | 8,000.00 | 8,000.00 |
| 175 | 1995 INTERNATIONAL TRK | 9/24/2018 | 8,000.00 | 8,000.00 |
| 176 | 1990 INTERNATIONAL TRK | 9/24/2018 | 6,000.00 | 6,000.00 |
| 177 | 1981 INTERNATIONAL TRK | 9/24/2018 | 12,000.00 | 12,000.00 |
| 178 | 1973 INTERNATIONAL TRK | 9/24/2018 | 6,000.00 | 6,000.00 |
| 192 | 2014 CHEV P/U | 9/25/2018 | 7,500.00 | 7,500.00 |
| 193 | 2011 GMC 1/2 TON P/U | 9/25/2018 | 7,500.00 | 7,500.00 |
| 195 | 2018 LAMA TRLR FOR KUBOTA TRACTOR | 5/31/2018 | 9,415.83 | 9,415.83 |
| 196 | 2019 CHEV SILVERADO 2500 | 5/1/2019 | 40,336.82 | 40,336.82 |
| 199 | 1993 GMC FLATBED TRUCK | 5/31/2019 | 22,270.00 | 22,270.00 |
| 201 | 2005 CHEV AVALANCE C1500 | 2/12/2020 | 7,007.79 | 7,007.79 |
| 202 | 2019 CHEV 2500 PU | 2/29/2020 | 38,303.26 | 38,303.26 |
| 203 | 2007 GMC SIE 5100 #08601 | 9/20/2021 | 10,000.00 | 10,000.00 |
| **Subtotal: TRANSPORTATION EQPT** | | | **2,404,280.14** | **2,274,737.91** |
| **Less dispositions and exchanges:** | | | 41,269.00 | 41,269.00 |
| **Net for: TRANSPORTATION EQPT** | | | **2,363,011.14** | **2,233,468.91** |
| **Subtotal:** | | | **2,717,085.59** | **2,546,911.35** |
| **Less dispositions and exchanges:** | | | 41,269.00 | 41,269.00 |
| **Grand Totals:** | | | **2,675,816.59** | **2,505,642.35** |

**Fill in this information to identify the case:**

Debtor name    **Ryan C. Hoerauf, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known)   **25-90006**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

**12/15**

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

    **1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

    **2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **Eon Production, LLC** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.2 **O'Ryan Family Limited Partnership** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.3 **O'Ryan Ponderosa, LLC** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.4 **O'Ryan Production & Exploration, Ltd/.** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.5 **O'Ryan Ranches, Ltd.** | **8180 Lakeview Center, Suite 300 Odessa, TX 79765** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |

| Debtor | **Ryan C. Hoerauf, Inc.** | | Case number *(if known)* | **25-90006** |

---

███ **Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
| --- | --- | --- | --- |
| 2.6 | **Scanrock Oil & Gas, Inc.** | 8180 Lakeview Center, Suite 300 Odessa, TX 79769 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.7 | **Smackover Oil Treaters, Ltd.** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.8 | **Eon Production, LLC** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G __2.4__ |
| 2.9 | **O'Ryan Family Limited Partnership** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G __2.4__ |
| 2.10 | **O'Ryan Ponderosa, LLC** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G __2.4__ |
| 2.11 | **O'Ryan Production & Exploration, Ltd/.** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G __2.4__ |
| 2.12 | **O'Ryan Ranches, Ltd.** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G __2.4__ |
| 2.13 | **Scanrock Oil & Gas, Inc.** | 8180 Lakeview Center, Suite 300 Odessa, TX 79769 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G __2.4__ |

| Debtor | **Ryan C. Hoerauf, Inc.** | Case number *(if known)* | **25-90006** |

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| 2.14 | **Smackover Oil Treaters, Ltd.** | 8180 Lakeview Center, Suite 300 Odessa, TX 79765 | **Russell K Hall & Associates** | ☐ D _____ ☐ E/F _____ ■ G ___2.4___ |