IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SCANROCK OIL & GAS, INC., *et al.*, | § | Case No. 25-90001-mxm11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**General**

　　The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the chapter 11 cases (the "Chapter 11 Cases") pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court") were prepared, pursuant to section 521 of the United States Code, Title 11 §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited. Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. The Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to the Chapter 11 Cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Scanrock Oil & Gas, Inc. (0380); EON Production, LLC (0136); O'Ryan Family Limited Partnership (1913); O'Ryan Production & Exploration Ltd. (9950); O'Ryan Ponderosa, LLC (1476); Ryan C. Hoerauf, Inc. (0493); and Smackover Oil Treaters, Ltd. (9529) (collectively, the "Oil and Gas Debtors"); and O'Ryan Ranches, Ltd. (7184). The location of the Debtors' service address is 8180 Lakeview Center, Ste. 300, Odessa, TX 79765.  More information about the Debtors, and copies of pleadings in the above-captioned bankruptcy case, may be obtained on the website of the Debtors' proposed noticing agent, Stretto, Inc., at: https://cases.stretto.com/scanrock.

The Schedules and Statements have been signed by Bradford C. Walker, Chief Restructuring Officer. In reviewing and signing the Schedules and Statements, Mr. Walker necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Walker has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

**Description of the Cases**

On February 3, 2025 (the "Petition Date"), Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd. each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Subsequently, on February 9, 2025, six affiliated Debtors (collectively, with Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd., the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors' cases are jointly administered under Case No. 25-90001 in the Bankruptcy Court before the Honorable Judge Mark X. Mullin. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of close of business on February 3, 2025, or February 9, 2025, as applicable, and the liability data of the Debtors as of close of business on February 3, 2025, or February 9, 2025, as applicable.

**Basis of Presentation**

The Debtors review their books and records and adjust such books and records based on their annual tax reporting as well as basic accounting principles. These Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records, documents received from creditors, and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows

---

[2]    These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

## General Disclosures Applicable to Schedules and Statements

1.     **Causes of Action.**  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action and neither these Global Notes nor the Schedules and Statements shall (i) be deemed a waiver of any such claims or causes of actions or (ii) in any way prejudice or impair the assertion of any such claims or causes of action.

2.     **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, to the extent any items reported in the Schedules and Statements have been improperly characterized, classified, categorized, or designated, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate such items at a later time as necessary or appropriate as additional or more accurate information becomes available.

3.     **Claim Designations.**  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.     **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.     **Court Orders.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases (collectively, and as amended or modified, the "Prepetition Payment Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, certain trade vendors, and taxing authorities. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

6.      **Valuation.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

7.      **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains, if any. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

8.      **Confidential or Sensitive Information.**  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. Any such redactions will be limited to only what is necessary to protect the Debtors or applicable third parties.

9.      **Leases.**  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

10.     **Receivables.**  The Debtors have not listed individual counterparty accounts receivable balance information as the Company considers its list of counterparties to be proprietary and confidential.

11.     **Guarantees and Other Secondary Liability Claims.**  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

12.     **Intellectual Property Rights.**  The Debtors have made every effort to include owned intellectual property in their Schedules. However, exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned

or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

13. **Mechanics' Liens.**  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens.

14. **Estimates.**  To prepare and file the Schedules, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

15. **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16. **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

17. **Claims of Third-Party Related Entities.**  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

18. **Umbrella or Master Agreements.**  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

19. **Setoffs and Recoupment.**  The Debtors incur setoffs and net payments in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, refunds, warranties, and other disputes between the Debtors and their customers or vendors. Therefore, the economic impact of claims related to setoff and recoupment are excluded from the Debtors' responses to Question 6 of the Statement of Financial Affairs.

20.    **Insiders.**  The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or more of the voting or equity securities of a Debtor, (2) directors of any of the Debtors, (3) the Debtors' insider employees, or (4) a person married to any of the foregoing. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

21.    **Indemnification.**  The Debtors' various charters, bylaws, operating agreements, partnership agreements, and other corporate and governance documents provide indemnification rights to certain eligible officers, directors and employees on the particular terms set forth in the applicable corporate and governance documents. The Debtors have not reached a determination with respect to whether certain potentially indemnified persons are ineligible for indemnification under the terms of the applicable corporate and governance documents and certain such persons are therefore listed on the applicable Debtors' Schedule E/F. To the extent that the Debtors have entered into separate contracts with certain executives and former executives, agreeing to indemnify them in certain circumstances according to the particular terms and conditions set forth in those contracts, such contracts are listed on Schedule G. The Debtors have not reached a determination as to whether the persons who are parties to these contracts are eligible for indemnification. Consequently, the Debtors have separately listed on Schedule G all contracts with such persons, but Debtors reserve all rights with respect thereto, including the right to assert that the individual is not entitled to indemnification and that the provisions do not constitute executory contracts.

22.    **Payments.**  The financial affairs and business of the Debtors are complex. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments will have been made on behalf of another legal entity.

23.    **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

## Specific Notes Applicable to Schedules and Statements

**Specific Notes Regarding Schedule A/B**

The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed incorrectly.

Certain instruments reflected on Schedule A/B may contain renewal options, guarantees or payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors reserve the right to assert that any instrument listed on Schedule A/B is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim. The Debtors failure to list any rights in real property on Schedule A/B shall not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims. the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed to be an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the

Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

**Specific Notes Regarding Schedule E/F**

1.    **Creditors Holding Priority Unsecured Claims.**  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

All claims listed on the Debtors' Schedule E/F, Part 1 are claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F, Part 1. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

2.    **Creditors Holding Nonpriority Unsecured Claims.**  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2 does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F, Part 2 arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2 contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to

the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F, Part 2. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor

3.      **Schedule – Intercompany.**  The Debtors maintain business relationships between and among themselves resulting in intercompany receivables and payables and other claims in the ordinary course of business.  The respective intercompany accounts payable and accounts receivable are listed at undetermined amounts due to/due from, as applicable, on Schedule E/F, Part 2 for each Debtor. Notably, reconciliation of the Debtors' books and records is still ongoing and any intercompany accounts payable and accounts receivable figures listed herein may require amendment as the reconciliation process progresses and concludes.

4.      **Schedule – Trade Payables.**  Trade Payables listed on Schedule E/F, Part 2 contain the liability information available to the Debtors as of the date of filing, including invoices for prepetition claims that may have been paid after the Petition Date pursuant to an order of the Bankruptcy Court.  In these instances, the Debtors have scheduled the unpaid Trade Payables pursuant to their books and records, and have scheduled the paid Trade Payables as contingent and unliquidated claims.

**Specific Notes Regarding Schedule G**

The Debtors continue to review their mineral leases, operating agreements, master service agreements, and other contracts and leases for purposes of Schedule G, and reserve all of their rights in connection with the forthcoming Schedule G.

**Specific Notes Regarding Schedule H**

**Co-Debtors.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert

cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

**Fill in this information to identify the case:**

Debtor name      **Ryan C. Hoerauf, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF TEXAS

Case number (if known)    **25-90006**

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:    Income**

1.  **Gross revenue from business**

    ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **10/01/2025** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | $379,621.36 |
| **For prior year:**<br>From **10/01/2024** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | $2,599,195.90 |
| **For year before that:**<br>From **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other _____ | $2,847,624.28 |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☐ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| **For year before that:**<br>From **10/01/2023** to **9/30/2024** | Miscellaneous - Other Income | $54,668.25 |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing for bankruptcy**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

Debtor  **Ryan C. Hoerauf, Inc.**  Case number *(if known)* **25-90006**

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.  **See Exhibit 3** | | **$2,169,894.22** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.  **See Exhibit 4** | | **$270,896.06** | |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.  **DEERE CREDIT INC. V RYAN C. HOERAUF, INC. AND RYAN HOERAUF**<br>**D-18-07-0861** | | **358th Judicial District Court of**<br>**Ector County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2.  **EASTHAM DRILLING INC. d/b/a BIG E DRILLING CO. V RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL AND GAS**<br>**2023-23474** | **Appoint Receiver-Unpaid oilfield services; Final Demand Letter** | **352nd Judicial District Court of Harris County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor   **Ryan C. Hoerauf, Inc.**                                                    Case number *(if known)* **25-90006**

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | **GCC PERMIAN LLC v RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL AND GAS**<br>**D24101273CV** | **Plaintiff Petition (unpaid plugging services)** | **in the 358th Judicial District Court of**<br>**Ector County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **LONE STAR WELL SERVICES LLC VS. RYAN C HOERAUF INC D/B/A O'RYAN OIL AND GAS (A/K/A O'RYAN OIL & GAS) O'RYAN FAMILY LIMITED PARTNERSHIP, RYAN C HOERAUF AS TRUSTEE OF THE MATHEW HOERAUF TRUST, RYAN C HOERAUF AS TRUSTEE OF THE MRH TRUST AND RYAN C HOERAUF AS TRUSTEE OF THE ARG TRUST**<br>**21-04-08149-CV** | | **In the 112th Judicial District Court of**<br>**Crocket County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | **NANCY PLUNKETT HOLLAND, WILLIAM CLARK PLUNKETT, STEVE M. BARNES, and CORLEY BARNES v SMACKOVER OIL TREATERS, LTD. And RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL AND GAS**<br>**CV21-0264-173** | **Settlement (8 mo payments) Royalties/gas plant fee dispute** | **In the 173rd Judicial District Court of**<br>**Henderson County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | **PROPAK SYSTEMS LTD. v RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL AND GAS**<br>**B-21-09-1020-CV** | **Settlement - payments being made** | **In the 161st Judicial District Court of**<br>**Ector County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.7. | **RED ENERGY SERVICES, LP v RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL & GAS**<br>**CC-23-0331-CV** | **Court Settlement** | **In the County Court at Law Number One of**<br>**Ector County, Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.8. | **IN RE RYAN DRILLING, LLC & D/B/A O'RYAN DRILLING, O'RYAN HEAVY HAUL, LLC, O'RYAN FAMILY LIMITED PARTNERSHIP, RYAN C. HOERAUF, INC. D/B/A O'RYAN OIL & GAS, RYAN C. HOERAUF, IND. AS TRUSTEE OF THE AMBER HOERAUF TRUST & THE MATHEW HOERAUF TRUST**<br>**11-24-00207-CV** | | **11th Court of Appeals; State of Texas** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor    **Ryan C. Hoerauf, Inc.**                                         Case number *(if known)* **25-90006**

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.9. **WELL CASTLE LIMITED v RYAN DRILLING, LLC, INDIVIDUALLY AND d/b/a O'RYAN DRILLING; O'RYAN HEAVY HAUL, LLC; O'RYAN FAMILY LIMITED PARTNERSHIP; RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL & GAS; RYAN C. HOERAUF INDIVIDUALLY, AND AS TRUSTEE OF THE AMBER HOERAUF TRUST AND THE MATHEW HOERAUF TRUST; LEASE SUPERVISORS, LLC; DEANNA K. HOERAUF; O'RYAN PRODUCTION & EXPLORATION, LTD.; O'RYAN OREGON RANCHES, LLC; O'RYAN RANCHES, LTD.; O'RYAN RANCHES, LLC; RYAN PROPERTIES, INC.; O'RYAN MISSION, LTD.; RYAN  Et Al**<br>**CV55526** | **Alter Ego and Other Claims** | **in the 385th Judicial District of**<br>**Midland County, Texas** | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.10<br>. **WILEY ROOSTH FAMILY PARTNERSHIP LTD., S2DST OGM, LTD., STEVE C. ROOSTH, TRUSTEE FOR THE STEVEN C. ROOSTH 1999 TRUST, THE MICHAEL B. ROOSTH 1999 TRUST, THE EILEEN ROOSTH JALNOS 1999 TRUST, AND THE ROBERT B. ROOSTH 1999 TRUST v RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL AND GAS**<br>**24-1429-C** | **Legal Letter, Royalties/Smackover fee calculation** | **In the Judicial District Court of**<br>**Smith County, Texas** | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.11<br>. **ZJ FALCON MANAGEMENT, LLC d/b/a FALCON ENERGY SERVICES v RYAN C. HOERAUF, INC. d/b/a O'RYAN OIL & GAS**<br>**DC-2024-CV-0042** | **Court Petition Filing; Unpaid oilfield services** | **In the 99th Judicial District Court of**<br>**Lubbock County, Texas** | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**8.  Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

**Part 4:**    **Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Debtor | **Ryan C. Hoerauf, Inc.** | | Case number *(if known)* | **25-90006** |
|---|---|---|---|---|

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:**    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

   ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

---

**Part 6:**    Certain Payments or Transfers

11. **Payments related to bankruptcy**
   List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

   ☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Jobe Law PLLC**<br>**6060 North Central**<br>**Expressway, Suite 500**<br>**Dallas, TX 75206** | | **12/19/25 -**<br>**$15,000.00**<br>**01/16/25 -**<br>**$15,000.00** | **$30,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |
| 11.2. | **Lain, Faulkner & Co., P.C.**<br>**400 N. St. Paul, Suite 600**<br>**Dallas, TX 75201** | | **12/27/25 -**<br>**$15,000.00**<br>**01/22/25 -**<br>**$15,000.00** | **$30,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
   List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
   Do not list transfers already listed on this statement.

   ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
   List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

| Debtor | **Ryan C. Hoerauf, Inc.** | | Case number *(if known)* | **25-90006** |

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

---

**Part 7:** Previous Locations

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **1 Mission Blvd. Odessa, TX 79765** | **Prior to February 1, 2023** |

---

**Part 8:** Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

---

**Part 9:** Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

Debtor    **Ryan C. Hoerauf, Inc.**                                    Case number *(if known)*  **25-90006**

---

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

| Debtor | **Ryan C. Hoerauf, Inc.** | Case number *(if known)* **25-90006** |
|---|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service<br>From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | **Thomas Jaeger**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **10/1/22 - Present** |
| 26c.2. | **Terri E. Vaught**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **8/1/05 - Present** |
| 26c.3. | **Linda R. Benham**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **7/1/98 - Present** |
| 26c.4. | **Kayla E. Miller**<br>**8180 Lakeview Center, Suite 300**<br>**Odessa, TX 79765** | **2/1/14 - Present** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

Debtor    **Ryan C. Hoerauf, Inc.**

Case number *(if known)* **25-90006**

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|------------------------|
| Ryan C. Hoerauf | **8180 Lakeview Center, Ste. 300 Odessa, TX 79765** | Owner | 100% |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|--------------------------|----------------------------------------------------|

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/10/2025

*/s/ Bradford C. Walker*                              **Bradford C. Walker**
Signature of individual signing on behalf of the debtor     Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**                                            Case No:  25-90006-MXM-11

Statement of Financial Affairs
Payments to Creditors
Exhibit 3

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

| Payee | Address | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|
| Aaron W. Stegal | | 11/12/24 | 1,970.16 | |
| | | 11/19/24 | 1,970.16 | |
| | | 12/03/24 | 1,920.75 | |
| | | 12/24/24 | 1,930.16 | |
| | | 12/31/24 | 1,930.16 | |
| | | 01/21/25 | 1,785.01 | |
| | | 01/29/25 | 1,933.24 | |
| | | | $13,439.64 | $0.00 |
| Avatar Systems Inc | 2801 Network Blvd, Ste 210, Frisco, TX  75034 | 11/21/2024 | 2,012.64 | |
| | | 12/26/2024 | 5,612.74 | |
| | | | 7,625.38 | $0.00 |
| Big Country Elec | Midwest Electric Coop Rates, P.O. Box 518, Roby, TX  79543-0518 | 12/11/2024 | 18,179.40 | |
| | | 12/27/2024 | 8,245.50 | |
| | | | 26,424.90 | $0.00 |
| Bristol Law PLLC | 700 N St. Mary's St, Suite 1400, San Antonio, TX  78502 | 11/29/2024 | 6,250.00 | |
| | | 11/29/2024 | 6,250.00 | |
| | | 1/2/2025 | 6,250.00 | |
| | | 1/2/2025 | 6,250.00 | |
| | | | 25,000.00 | $0.00 |
| Burnet CAD | | 01/07/25 | 5,375.00 | |
| | | 12/04/24 | 5,375.00 | |
| | | | 10,750.00 | $0.00 |
| Buy-Lo Auto Supply | | 11/24/24 | 6,060.25 | |
| | | 12/27/24 | 3,682.26 | |
| | | | 9,742.51 | $0.00 |
| Chase Credit Card | | 11/13/2024 | 3,500.00 | |
| | | 11/14/2024 | 3,000.00 | |
| | | 11/21/2024 | 15,000.00 | |
| | | 11/21/2024 | 3,500.00 | |
| | | 12/3/2024 | 2,500.00 | |
| | | 12/5/2024 | 1,000.00 | |
| | | 12/11/2024 | 2,000.00 | |
| | | 12/13/2024 | 2,500.00 | |
| | | 12/19/2024 | 2,500.00 | |
| | | 12/23/2024 | 2,429.05 | |
| | | 12/27/2024 | 3,000.00 | |
| | | 12/31/2024 | 2,500.00 | |
| | | 1/3/2025 | 2,606.33 | |
| | | 1/3/2025 | 2,500.00 | |
| | | 1/6/2025 | 2,500.00 | |
| | | 1/10/2025 | 2,500.00 | |
| | | 1/14/2025 | 3,000.00 | |
| | | 1/16/2025 | 2,500.00 | |
| | | 1/17/2025 | 3,418.73 | |

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**                                                                                          Case No:  **25-90006-MXM-11**

Statement of Financial Affairs
Payments to Creditors
Exhibit 3

**3. Certain payments or transfers to creditors within 90 days before filing this case**

| Payee | Address | Payment Date | Amount | Amount Still Owing |
|-------|---------|-------------|--------|-------------------|
| Chase Credit Card (con't) | | 1/21/2025 | 5,000.00 | |
| | | 1/29/2025 | 5,000.00 | |
| | | | 72,454.11 | $0.00 |
| Clements Fluids South Texas | 7124 Turnberry Circle, Tyler, TX  75703 | 12/9/2024 | 14,717.15 | |
| | | 12/10/2024 | 31,005.55 | |
| | | | 45,722.70 | $0.00 |
| Compression Control Rentals | | 11/12/24 | 6,000.00 | |
| | | 12/04/24 | 6,000.00 | |
| | | 01/09/25 | 6,000.00 | |
| | | | 18,000.00 | $0.00 |
| Drilling Solutions LLC | | 11/25/2024 | 11,841.47 | |
| | | | 11,841.47 | $0.00 |
| Edwin G. Ochoa | PO Box 816, Mabank, TX  75147-0816 | 11/18/24 | 2,571.16 | |
| | | 12/02/24 | 2,450.63 | |
| | | 12/16/24 | 2,450.63 | |
| | | 12/30/24 | 2,423.31 | |
| | | 01/14/25 | 2,615.52 | |
| | | 01/27/25 | 2,535.17 | |
| | | | 15,046.42 | $0.00 |
| Fleetcard | | 11/22/2024 | 5,509.01 | |
| | | 11/26/2024 | 5,992.12 | |
| | | 1/23/2025 | 4,444.77 | |
| | | | 15,945.90 | $0.00 |
| Gibson & Sheen, PLLC | 13914 Indiana Ave, Suite 100, Lubbock, TX  79423 | 12/23/24 | 25,102.28 | |
| | | | 25,102.28 | $0.00 |
| GPM Empire | | 12/3/2024 | 3,368.42 | |
| | | 12/31/2024 | 2,980.63 | |
| | | 1/31/2025 | 2,548.92 | |
| | | | 8,897.97 | $0.00 |
| Greenberg GG&R | | 11/26/2024 | 1,458.90 | |
| | | 12/27/2024 | 1,458.90 | |
| | | 1/24/2025 | 5,000.00 | |
| | | 1/28/2025 | 1,458.90 | |
| | | | 9,376.70 | $0.00 |
| Health Care Serv | P0 Box 21026, Tulsa, OK  74121 | 12/20/2024 | 14,215.68 | |
| | | 1/10/2025 | 9,477.12 | |
| | | | 23,692.80 | $0.00 |
| Intense Wireline  Services | PO Box 1172, Palestine, TX  75802 | 1/9/2025 | 31,509.40 | |
| | | | 31,509.40 | $0.00 |

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**                                                                                              Case No:  **25-90006-MXM-11**

**Statement of Financial Affairs**
**Payments to Creditors**
**Exhibit 3**

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

| Payee | Address | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|
| IPFS IPFSPMTMOK B | | 11/21/2024 | 14,907.24 | |
| | | 12/27/2024 | 14,957.30 | |
| | | 1/28/2025 | 14,957.30 | |
| | | | 44,821.84 | $0.00 |
| IRS | | 11/15/2024 | 11,117.03 | |
| | | 12/18/2024 | 8,640.10 | |
| | | 1/3/2025 | 6,971.41 | |
| | | 1/3/2025 | 8,509.84 | |
| | | 1/3/2025 | 168.34 | |
| | | 1/16/2025 | 5,181.37 | |
| | | 1/16/2025 | 8,688.95 | |
| | | | 49,277.04 | $0.00 |
| Jesse Ochoa | PO Box 816, Mabank, TX  75147 | 11/22/24 | 1,981.97 | |
| | | 12/02/24 | 1,931.31 | |
| | | 12/20/24 | 1,830.01 | |
| | | 12/30/24 | 1,463.03 | |
| | | 01/14/25 | 1,889.40 | |
| | | 01/27/25 | 1,965.37 | |
| | | | 11,061.09 | $0.00 |
| Joe Law PLLC | | 12/9/2024 | 15,000.00 | |
| | | 1/16/2025 | 15,000.00 | |
| | | | 30,000.00 | $0.00 |
| Kayla Miller | 2706 Verde Ave, Odessa, TX  79762 | 11/18/24 | 1,756.93 | |
| | | 11/22/24 | 1,250.00 | |
| | | 11/29/24 | 1,756.93 | |
| | | 12/16/24 | 1,756.93 | |
| | | 12/23/24 | 1,250.00 | |
| | | 01/02/25 | 1,756.93 | |
| | | 01/16/25 | 1,761.47 | |
| | | 01/21/25 | 1,250.00 | |
| | | 01/02/25 | 600.00 | |
| | | | 13,139.19 | $0.00 |
| Khiran Malachi Arrington Whatley | 17769 CR 3155 South, Mount Enterprise, TX  75681 | 12/16/24 | 6,000.00 | |
| | | 01/22/25 | 2,400.00 | |
| | | | 8,400.00 | $0.00 |

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**                                                                 Case No:  25-90006-MXM-11

Statement of Financial Affairs
Payments to Creditors
Exhibit 3

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

| Payee | Address | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|
| Lain Faulkner | | 12/27/2024 | 15,000.00 | |
| | | 1/22/2025 | 15,000.00 | |
| | | | 30,000.00 | $0.00 |
| Linda R. Benham | 2730 Tanglewood Ln., Odessa, TX  79762 | 11/18/24 | 2,144.84 | |
| | | 11/29/24 | 2,144.84 | |
| | | 11/29/24 | 369.71 | |
| | | 12/16/24 | 2,144.84 | |
| | | 01/02/25 | 2,144.84 | |
| | | 01/02/25 | 969.71 | |
| | | 01/16/25 | 2,082.09 | |
| | | | 12,000.87 | $0.00 |
| Linebarger Goggan Blair & Sampson | 1501 Northwood Blvd, Corsicana, TX  75110 | 11/27/2024 | 35,000.00 | |
| | | 1/3/2025 | 35,000.00 | |
| | | | 70,000.00 | $0.00 |
| Maverick Well Services | PO Box 2439, Midland, TX  79702 | 11/27/2024 | 100,000.00 | |
| | | 12/20/2024 | 100,000.00 | |
| | | 1/8/2025 | 100,000.00 | |
| | | 1/22/2025 | 9,960.07 | |
| | | | 309,960.07 | $0.00 |
| Navarro Co Tax | P. O. Box 1070, Corsicana, TX  75151 | 11/21/24 | 12,880.32 | |
| | | 12/20/24 | 11,712.87 | |
| | | | 24,593.19 | $0.00 |
| NRG Bus | PO Box 1532, Houston, TX  77251-1532 | 11/21/2024 | 48,041.50 | |
| | | 12/26/2024 | 61,048.65 | |
| | | 1/22/2025 | 28,382.94 | |
| | | | 137,473.09 | $0.00 |
| Parkway Ford | PO Box 1569, Tomball, TX  77377 | 1/21/2025 | 12,000.00 | |
| | | | 12,000.00 | $0.00 |
| Pipe and Rentals Inc Total | | 1/14/2025 | 50,000.00 | |
| | | | 50,000.00 | $0.00 |
| Production Services | | 01/10/25 | 5,000.00 | |
| | | 12/03/24 | 5,000.00 | |
| | | | 10,000.00 | $0.00 |
| Pumping  Services, Inc. | PO Box 1991, Palestine, TX  75802 | 12/4/2024 | 5,000.00 | |
| | | 1/14/2025 | 6,000.00 | |
| | | | 11,000.00 | $0.00 |

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**  Case No: **25-90006-MXM-11**

Statement of Financial Affairs
Payments to Creditors
Exhibit 3

3.  **Certain payments or transfers to creditors within 90 days before filing this case**

| Payee | Address | Payment Date | Amount | Amount Still Owing |
|-------|---------|-------------|--------|--------------------|
| Pure Flow Tech Inc. | PO Box 88, Bay City, TX  77404-0088 | 11/24/24 | 36,184.08 | |
| | | | 36,184.08 | $0.00 |
| Quincy L. McDougald | PO Box 732, Kemp, TX  75143 | 11/18/24 | 2,551.31 | |
| | | 12/02/24 | 2,430.78 | |
| | | 12/16/24 | 2,430.78 | |
| | | 12/30/24 | 2,591.48 | |
| | | 01/14/25 | 2,434.97 | |
| | | 01/27/25 | 2,676.02 | |
| | | | 15,115.34 | $0.00 |
| Red Dog Oil Tools, Inc. | P O Box 1844, Magnolia, AR  71754-1844 | 11/20/2024 | 50,000.00 | |
| | | 11/20/2024 | 50,000.00 | |
| | | 12/17/2024 | 50,000.00 | |
| | | 12/24/2024 | 50,000.00 | |
| | | 1/8/2025 | 50,000.00 | |
| | | 1/14/2025 | 50,000.00 | |
| | | | 300,000.00 | $0.00 |
| Red Energy Services, LP | PO BOX 143, Monahans, TX  79756 | 01/22/25 | 14,181.22 | |
| | | | 14,181.22 | $0.00 |
| RedZone Coil Tubing LLC | Attn: Accounts Receivable, PO Box 733726, Dallas, TX  75373-3726 | 11/24/24 | 10,206.89 | |
| | | 12/30/2024 | 28,000.00 | |
| | | 1/7/2025 | 28,721.84 | |
| | | 11/20/2024 | 10,206.89 | |
| | | | 77,135.62 | $0.00 |
| Robert E. Green | P. O. Box 50834, Midland, TX  79710-5710 | 11/18/24 | 2,819.71 | |
| | | 12/03/24 | 2,819.71 | |
| | | 12/16/24 | 2,819.71 | |
| | | 01/03/25 | 2,819.71 | |
| | | 01/16/25 | 2,824.26 | |
| | | | 14,103.10 | $0.00 |
| Roger Packet | | 01/07/25 | 9,431.57 | |
| | | 12/09/24 | 9,431.57 | |
| | | 12/09/24 | 9,431.57 | |
| | | | 28,294.71 | $0.00 |
| Sam Allen | 3008 S. Tool Dr., Kemp, TX  75143 | 11/19/24 | 1,747.11 | |
| | | 12/03/24 | 1,747.11 | |
| | | 12/17/24 | 1,747.11 | |
| | | 01/03/25 | 1,747.11 | |
| | | 01/22/25 | 1,749.40 | |
| | | | 8,737.84 | $0.00 |
| SBA EIDL Loan | | 1/2/2025 | 10,298.00 | |
| | | 11/22/2024 | 10,298.00 | |
| | | | 20,596.00 | $0.00 |

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**                                                                    Case No: **25-90006-MXM-11**

Statement of Financial Affairs
Payments to Creditors
Exhibit 3

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

| Payee | Address | Payment Date | Amount | Amount Still Owing |
|---|---|---|---|---|
| Southwest Texas | Dept. 1340, PO Box 2153, Birmingham, AL  35287-1340 | 11/22/2024 | 55,694.98 | |
| | | 12/27/2024 | 56,578.02 | |
| | | 1/22/2025 | 57,994.54 | |
| | | | 170,267.54 | $0.00 |
| Steve Barnes | 4102 Woodcreek Drive, Dallas, TX  75205 | 12/27/24 | 2,400.00 | |
| | | 12/27/24 | 2,400.00 | |
| | | 12/30/24 | 2,400.00 | |
| | | 12/30/24 | 2,400.00 | |
| | | | 9,600.00 | $0.00 |
| TanMar Rentals | PO Box 1376, Eunice, LA  70535 | 12/4/2024 | 25,927.81 | |
| | | | 25,927.81 | $0.00 |
| TaylorECTexas | | 12/13/2024 | 4,614.42 | |
| | | 1/22/2025 | 8,990.00 | |
| | | | 13,604.42 | $0.00 |
| TBW Investments, Inc | | 12/2/2024 | 9,749.54 | |
| | | | 9,749.54 | $0.00 |
| Thompson Tubular | Thompson & Thompson Group, Inc, 2601 Network Blvd, Suite #406, Frisco, TX  75034 | 01/28/25 | 32,016.03 | |
| | | | 32,016.03 | $0.00 |
| Trident Steel | PO Box 798279, Saint Louis, MO  63179-8000 | 12/17/2024 | 15,098.87 | |
| | | | 15,098.87 | $0.00 |
| Trunk Street Industrial Park LLC | PO Box 1551, Odessa, TX  79760 | 12/05/24 | 10,000.00 | |
| | | 01/03/25 | 10,000.00 | |
| | | | 20,000.00 | $0.00 |
| W  Transfer tooto D | | 1/29/2025 | 130,000.00 | |
| | | | 130,000.00 | $0.00 |
| William J McDougald | | 11/19/24 | 2,565.83 | |
| | | 12/03/24 | 2,565.83 | |
| | | 12/17/24 | 2,565.83 | |
| | | 01/22/25 | 2,570.38 | |
| | | | 10,267.87 | $0.00 |
| Winstead | | 12/9/2024 | 24,715.67 | |
| | | | 24,715.67 | $0.00 |
| **GRAND TOTAL** | | | **$2,169,894.22** | |

**Ryan C. Hoerauf, Inc. dba O'Ryan Oil & Gas**                                                                                                    **Case No:  25-90006-MXM-11**

**Statement of Financial Affairs**
**Payments to Creditors**
**Exhibit 4**

**4.  List payments or transfers, including expense reimbursements, made within 1 year before filing this case**

| Payee | Reason for Payment | Relationship | Amount |
|---|---|---|---|
| RYAN HOERAUF | SALARY | OWNER | $88,000.00 |
|  | LAKEHOUSE EXPENSES |  | $44,396.06 |
|  |  |  | $132,396.06 |
| TERRI VAUGHT | AUTO ALLOWANCE | SISTER-IN-LAW | $15,000.00 |
| THOMAS JAEGER | SALARY | BROTHER-IN-LAW | $123,500.00 |
| **TOTAL** |  |  | **$270,896.06** |